19-3181
*Sullivan v. Maha*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

Paul Sullivan,

> *Plaintiff-Appellant,*

> v.                                                                                          19-3181

Gary T. Maha, Genesee County, New York, Others Unknown to Plaintiff at this time,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:                    Paul Sullivan, pro se, Alexander, NY.

FOR DEFENDANTS-APPELLEES:                    Kevin D. Earl, Genesee County Attorney, Batavia, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Paul Sullivan, pro se, sued Genesee County, New York, Gary T. Maha, the county sheriff, and others unknown, asserting several claims under 42 U.S.C. § 1983, including that the defendants violated his rights under the Second and Fifth Amendments by suspending his pistol permit and taking possession of some of his guns. Mr. Sullivan also alleged that the defendants had engaged in fraud and arbitrary and capricious actions, and that the phrase "good moral character" in N.Y. Penal Law § 400.00 is unconstitutionally vague. Further, Mr. Sullivan requested that the district court convene a grand jury to investigate the defendants' actions, and, in response to a motion for summary judgment by the defendants, moved for clarification on four legal issues. The district court granted the defendants' motion for summary judgment as to all claims, denied Mr. Sullivan's grand jury request, and denied his motion for clarification. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the following reasons, we affirm the district court's decision in all respects.[1]

---

[1] Mr. Sullivan does not challenge in this appeal the district court's decision on his claims of arbitrary and capricious action, fraud, and voidness for vagueness. Even "liberally constru[ing] [his] pleadings and briefs . . . [and] reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam), we nevertheless deem these issues waived, *see LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). We also reject Mr. Sullivan's meritless argument, raised for the first time in his reply brief in this appeal, that the disposition of his claims on summary judgment violated his Seventh Amendment right to a jury trial. *See* Fed. R. Civ. P. 56(a).

**I.     Summary Judgment**

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam).[2] "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011).

First, the district court correctly granted summary judgment to the defendants on Mr. Sullivan's Takings Clause claim because Mr. Sullivan has not adduced any evidence that his guns were taken for "public use." *See* U.S. Const. amend. V ("[P]rivate property [shall not] be taken for public use, without just compensation."); *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019) ("[A] property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it."). Nor has he adduced evidence indicating that the defendants took his guns for the "private benefit [of] a particular private party . . . under the mere pretext of a public purpose." *Kelo v. City of New London*, 545 U.S. 469, 477–78 (2005). Rather, in his response to the defendants' statement of undisputed facts, Mr. Sullivan concedes that his guns were taken pursuant to a temporary order of the county court suspending his pistol permit under New York Penal Law § 400.00, based on his stipulation to such an order in a legal proceeding under that statute in which he was represented by counsel. Mr. Sullivan's conclusory assertions in his complaint and brief to this Court that his property was "apparently . . . converted

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

to the use of 'public servants,'" as part of an "illegal property confiscation," are not sufficient to reverse this concession or to create a genuine dispute of material fact.

Second, the district court did not err in granting summary judgment to the defendants on Mr. Sullivan's Second Amendment claim. Liberally construed, we understand Mr. Sullivan's argument to be that New York Penal Law § 400.00, which provides the legal basis for the county's order suspending Mr. Sullivan's pistol permit and seizure of his firearms, violates the Second Amendment. This Court, however, has on two separate occasions upheld components of New York Penal Law § 400.00 against Second Amendment challenge. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020); *Kachalsky*, *v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012). Without the benefit of a more specific argument about why the circumstances of Mr. Sullivan's case warrant a different outcome, we cannot say the district court erred. *See LoSacco*, 71 F.3d at 93 ("[W]e need not manufacture claims of error for an appellant proceeding *pro se . . . .*").

## II.     Grand Jury Request

Mr. Sullivan next argues that the district court erred by failing to convene a grand jury to investigate the defendants' actions under Federal Rule of Criminal Procedure 6(a). This rule, however, is limited to "criminal proceedings" and therefore does not apply to civil matters such as this. *See* Fed. R. Crim. P. 1(a). Accordingly, the district court properly denied Mr. Sullivan's request.

## III.    Motion for Clarification

Finally, Mr. Sullivan argues that the district court erred in denying his request that the court clarify what the law is on four issues identified by Mr. Sullivan. Contrary to his arguments in this

appeal, however, the district court correctly construed Mr. Sullivan's motion as an impermissible request for an advisory opinion. A "federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 110 (2d Cir. 2018) (en banc). Mr. Sullivan's requests for a legal opinion regarding abstract questions of constitutional law were either irrelevant or too broad to ensure the district court would not be rendering an advisory opinion on questions that could not affect his rights in this case. And to the extent Mr. Sullivan requested the district court's opinion on Second Amendment law that affected his rights in the present case, the district court provided sufficient legal analysis in its order.

We have considered all of Mr. Sullivan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk